UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DONALD RAY HALL, Plaintiff,

v. Civil Action No. 3:16-cv-P476-DJH

LADONNA THOMPSON *et al.*, Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Donald Ray Hall's *pro se* "Motion For Leave of The Court to Amend And Supplement Complaint" (Docket Number (DN) 63). Defendants filed a response to the motion (DN 68), and Plaintiff filed a reply (DN 72). For the reasons stated below, the motion will be denied.

At this stage of the proceeding, Plaintiff "may amend [his] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Defendants have not consented to Plaintiff's proposed amendment and supplement; thus, the Court must grant leave for Plaintiff to amend or supplement his complaint. The decision to grant a motion for leave to amend is within the sound discretion of the district court. *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 604 (6th Cir. 2001). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "'[a] motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Skipper v. Clark*, 150 F. Supp. 3d 820, 829 (W.D. Ky. 2015) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)). Rule 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In determining whether a complaint fails to state a claim, the "district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Id.* (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "[N]aked assertions devoid of further factual enhancement" are insufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 15(d) of the Federal Rules of Civil Procedure governs when a party may supplement a pleading. The Rule states that upon motion of a party, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The

standard for granting leave to supplement under Rule 15(d) is the same as the standard governing leave to amend under Rule 15(a)(2). *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002); *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996).

## I. REQUEST TO AMEND

In his motion, Plaintiff requests the Court to allow him to amend his complaint. In this portion of his motion, he states as follows:

> Plaintiff requests leave of the court to amend his fourth complaint wherein this court dismissed Teresa Turner as a defendant on a claim that she violated Plaintiff's Constitutional Fifth Amendment right when she dismiss his grievance alleging she, Atkin, Warden Aaron Smith and Deputy Warden Anna Valentine violated Plaintiff right when they barred him from the legal services at KSR in 2015 (from July thru Nov.). . . . [H]owever, Plaintiff avers that the context of the Fourth complaint reflects that the Plaintiff had filed a grievance on the above named Defendant alleging they either retaliated against the Plaintiff while Plaintiff was exercising his constitutional rights of freedom of speech and access to the courts or they failed to exercise their supervisory authority to intervene when they were made aware of the unauthorized acts of Atkin and Turner thru correspondences to Warden Smith and response in behalf of Smith by Valentine. . . . Plaintiff requests this court to allow him with leave to amend his fourth complaint to include a retaliation claim committed against him by Atkin, Turner, Smith, and Valentine based on the context of the fourth complaint and evidence.

Plaintiff states that this is not "a request to add new defendants to his claim but rather or in effect a request to reinstate them as defendants wherein, the court dismiss them as defendants in its Nov. 28, 2016, Memorandum Opinion and Order." Plaintiff further asserts as follows:

> [T]he court erred dismissing Smith and Turner as defendants which, Plaintiff now avers this court should correct its error and reinstate Smith and Turner as defendants as well as adding Valentine as she knew of the incidents. Plaintiff further requests this court to reinstate his claim against Teresa Turner, Warden Smith and add deputy Warden Anna Valentine and Commissioner Rodney Ballard as defendants to Plaintiff's fourth claim and to construe the complaint to include a retaliation claim involving Turner as well as Smith, Valentine, and Ballard.

It is unclear what Plaintiff seeks the Court to do. Plaintiff repeatedly refers to his "fourth complaint." A review of the docket of this case reveals no such document. Plaintiff is probably referring to what he characterized in his amended complaint as a "fourth claim" (DN 6, p. 4). The Court addressed this fourth claim in its November 28, 2016, Memorandum Opinion and Order (DN 13, p. 7). As to this claim, Plaintiff stated in his prior amended complaint as follows:

> Plaintiff also request leave of the court to include a fourth claim against Unit Administrator Legal and Grievance Coordinator Teresa Turner for Malfeasance, Misfeasance or Nonfeasance of her duty when she used her authority to deny [Plaintiff's] grievance of retaliation against her and the other parties/defendants of interest in Plaintiff's 1983 complaint now before this Court. Defendant Abused her position of authority to deny Plaintiff of due process to exercise his right to grieve a wrongful act against him by state employees wherein, Ms. Turner's actions is a direct violation of section 1 and 2 of the Ky. Const. as well as the First, Fifth and Fourteenth Amendments of the U.S. Const. when she arbitrarly denied my grievance as non-grievable.

(DN 6, pp. 5-6). There are no factual allegations in the fourth claim as to the people Plaintiff requests in the present motion to be added to the complaint. Further, the present motion to amend and supplement does not contain any factual allegations against Atkin, Turner, Smith, Valentine, or Ballard. Plaintiff states only that he filed a grievance that involved these people and alleges that Valentine knew of the "incidents."

Plaintiff must provide sufficient facts to give each Defendant fair notice of Plaintiff's claims against them, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002), and "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff refers to various exhibits but fails to set forth any factual allegations as to Atkin, Turner, Smith, Valentine, or Ballard. The Court is not required to wade through exhibits to find claims. *See Jinadu v. Fitzgerald*, No. 99-4259, 2000 WL 1359640, at *1 (6th Cir. Sept. 15, 2000) ("The district court's duty to construe Jinadu's pro se pleadings liberally did not

4

obligate it to analyze attachments to Jinadu's complaint in order to speculate about the claims Jinadu may be attempting to bring."); *Young Bey v. McGinnis*, No. 98-1930, 1999 WL 776312, at *1 (6th Cir. Sept. 23, 1999) ("[A]t the conclusion of each section, [the plaintiff] refers the court to an attachment consisting of a minimum of fifty pages. The district court's duty to construe Young Bey's pro se pleadings liberally did not obligate it to analyze attachments to Young Bey's complaint in order to speculate about the claims Young Bey may be attempting to bring.").

Further, to the extent Plaintiff is requesting the Court to reconsider its dismissal of Defendants Smith and Turner, he provides no basis for the Court to do so. Plaintiff simply states that the Court erred in dismissing them and "should correct its error and reinstate Smith and Turner." However, he provides no argument as to how the Court erred.

Since the amendment Plaintiff seeks would be futile, Plaintiff's request to amend his complaint will be denied.

## II. REQUEST TO SUPPLEMENT

Plaintiff's request to supplement is also futile. Plaintiff requests to supplement his complaint by adding a second claim of retaliation against Defendant Ashbaugh that Plaintiff says occurred on August 31, 2017. According to Plaintiff, on that date, Defendant Ashbaugh handed him a reclassification form that had "security numbers to security keys and hand radio" written on the back of the form. Plaintiff states that Defendant Ashbaugh "approached the Plaintiff and told him she had found the form in the desk drawer while cleaning it out." According to Plaintiff, Defendant Ashbaugh "apologized to the Plaintiff stating that it appears that an officer or officers had been using it to write notes on." Plaintiff asserts that when Defendant Ashbaugh gave him the paper, she was trying "to set him up with planning an escape." Plaintiff states that

5

he filed a grievance about this matter and submitted a letter to Internal Affairs. Plaintiff contends that this was an act of retaliation against Plaintiff.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) "there is a causal connection between elements one and two-that is, the adverse action was motivated, at least in part, by the plaintiff's protected conduct." *Id.*

In the present case, Plaintiff alleges that the protected conduct was this pending civil action. Plaintiff's prior filing of this civil-rights action qualifies as protected conduct for retaliatory purposes under the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d at 391. Where Plaintiff's claim fails is regarding the adverse-action element. Plaintiff alleges that Defendant Ashbaugh handing him a piece of paper that had sensitive security information written on the back constitutes an adverse action for purposes of his retaliation claim. According to Plaintiff, handing him this piece of paper was adverse because she was trying "to set him up with planning an escape."

"The standard for 'adverse action' is an objective one and it is irrelevant whether a particular plaintiff was deterred from engaging in protected conduct because he suffered an adverse action." *Manning v. Bolden*, 102 F. App'x 904, 905 (6th Cir. 2004) (citing *Thaddeus-X v. Blatter*, 175 F.3d at 398). The "objective inquiry [is] capable of being tailored to the different circumstances in which retaliation claims arise, and capable of screening the most trivial of actions from constitutional cognizance." *Thaddeus-X v. Blatter*, 175 F.3d at 398. In discussing

the level of action or threat necessary to deter a person of ordinary firmness, the Sixth Circuit stated as follows: "We emphasize that while certain threats or deprivations are so de minimis that they do not rise to the level of being constitutional violations, this threshold is intended to weed out only inconsequential actions and is not a means whereby solely egregious retaliatory acts are allowed to proceed past summary judgment." *Id.* If the claimed retaliatory action is inconsequential, the plaintiff's claim should not go to the jury. *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002); *Thaddeus-X v. Blatter*, 175 F.3d at 398. Plaintiff's claimed retaliatory action is inconsequential.

Plaintiff does not allege that any action was taken against him or any threat made to him as a result of the piece of paper he alleges Defendant Ashbaugh handed to him. Plaintiff had the piece of paper for a short time, and it had no adverse impact on him. The conclusion by Plaintiff that the paper was given to him to try to set him up so that adverse action would be taken against him is merely speculation on his part. A speculative motive associated with an action that had no adverse impact on Plaintiff does not constitute an adverse action for purposes of a retaliation claim. *See Smith v. Yarrow*, 78 F. App'x 529, 540 (6th Cir. 2003) ("[T]he relevant showing . . . must be more than the prisoner's personal belief that he is the victim of retaliation.") (citation omitted). There was no threat to Plaintiff nor did Plaintiff incur any deprivation; thus, the action which he asserts was adverse did not even rise to the level of de minimis and was clearly inconsequential. *See Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) (concluding that "[i]mposing different policies on a certain class of inmates does not constitute an adverse action" when a special rule was imposed on the plaintiff requiring him to submit his copy requests to a law clerk); *Smith v. Craven*, 61 F. App'x 159, 162 (6th Cir. 2003) (finding that verbal abuse and minor threats did not rise to the level of an adverse action for retaliation purposes); *Friedman v.*

7

*Corr. Corp. of Am.*, 11 F. App'x 467, 470 (6th Cir. 2001) ("[T]his Court has repeatedly held that transfer from one prison to another prison cannot rise to the level of an adverse action because it would not deter a person of ordinary firmness from exercise of his First Amendment rights.") (citation omitted); *Hatfield v. Daviess Cty. Det. Ctr.*, 2017 WL 1731713, at *4 (W.D. Ky. May 2, 2017) (finding that "the alleged denial of a one-hour recreation period on one occasion does not rise to the level of an 'adverse action'").

There being no adverse action taken against Plaintiff, the second retaliation claim he seeks to bring against Defendant Ashbaugh is futile. For this reason, Plaintiff's motion to supplement will be denied.

### III.  REQUEST FOR INJUNCTIVE RELIEF

In his motion, Plaintiff also asks the Court to "add a request for injunctive relief wherein, this court issue an injunctive order requiring the DOC [Department of Corrections] to ensure that any and all future Grievance and Legal Aides Coordinators have some education in law . . . ." The qualifications of Grievance Coordinators and Legal Aides are not an issue before the Court. Thus, the Court would not be able to grant such injunctive relief, and Plaintiff's request to amend his complaint to add this request for injunctive relief will be denied.

### IV.  REQUEST FOR A JURY TRIAL

Finally, near the end of Plaintiff's motion, he "further request[s] that this court allow him to amend his complaint from requesting no jury trial to a demand for a jury trial." Defendants did not address this request in their response to the motion; thus, in his reply, Plaintiff concludes that they have waived any objection. In support of his request for a jury trial, Plaintiff states that it is "in the interest of justice [for] a jury of Plaintiff's and Defendants' peers as there would [be] several jurors hearing, taking note of everything, and corroborating as fact finders to attest to the

8

truth of the complaint via the testimony of the Plaintiff, Defendants and subpoenaed witnesses." Plaintiff further states that "the case has grown to complicated for just one person to take in and remember all other evidence and actions or occurrences . . . ."

Where a party has a right to a jury trial, on any issue, the party must request one in accordance with the requirements of Rule 38 of the Federal Rules of Civil Procedure, which requires, in part, a party to serve the other parties with the demand for a jury trial "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). A party who fails to serve and file a timely demand, waives its right to a jury trial. Fed. R. Civ. P. 38(d); *see also Deere & Co. v. FIMCO Inc.*, No. 5:15-CV-00105-TBR-LLK, 2016 WL 4443184, at *2 (W.D. Ky. Aug. 19, 2016) ("A litigant who fails to file a timely demand waives its right to a jury trial."). "The filing of an amended pleading does not restart that fourteen-day period 'when no new issues or facts are introduced' in the amended pleading." *Curry v. City of Dayton*, No. 3:12-CV-135, 2013 WL 12123872, at *1 (S.D. Ohio Jan. 8, 2013) (quoting *Irvin v. Airco Carbide*, 837 F.2d 724, 727 (6th Cir. 1987)). In the present case, the motion to amend is futile and will be denied. Thus, there are no new issues or facts in this case.

Rule 39 provides that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded"; thereby giving the Court discretion to cure the waiver of a jury trial. Fed. R. Civ. P. 39(b). There are two major factors courts should consider when dealing with a late jury demand: (1) the justification for the failure to request a timely jury demand, and (2) the prejudice to the opposing party. *Pierce v. Underwood*, 487 U.S. 552, 562 (1988).

In the present case, Plaintiff fails to provide any justification for failing to file a timely request for a jury trial or why he failed to request a jury trial until this late stage in the case.

Upon consideration, Plaintiff having failed to support his request for a jury trial, the Court will deny the request for a jury trial at this time. If Plaintiff so chooses, he may file a separate motion, to which Defendants may respond, requesting a jury trial and providing the Court with reasons for the late request.

## V.  ORDER

For the reasons stated above**, IT IS ORDERED** that Plaintiff's "Motion For Leave of The Court to Amend And Supplement Complaint" (DN 63) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's requests for a jury trial and injunctive relief (DN 63) are **DENIED**.

The **Clerk of Court** is **DIRECTED** to send Plaintiff a motion form with the case number of this case affixed thereto in the event Plaintiff chooses to file a motion requesting a jury trial.

Date:  April 2, 2018

**David J. Hale, Judge**
**United States District Court**

cc:    Plaintiff, *pro se*
       Counsel for Defendants
4415.003