UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DONALD RAY HALL, Plaintiff,

v. Civil Action No. 3:16-cv-P476-DJH

LADONNA THOMPSON et al., Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Before the Court is the motion for summary judgment (Docket No. 61) filed by Defendants Julie Ashbaugh, Kentucky State Reformatory (KSR) correctional officer, and Robert Atkin, KSR UA/Coordinator. Plaintiff Donald Ray Hall filed a response (DN 67), and Defendants replied (DN 71). The Court ordered supplemental briefing (DN 86). Both Plaintiff (DN 88) and Defendants (DN 87) have complied with that Order. The matter being ripe, the Court will grant Defendants summary judgment for the following reasons.

**I.**

*Pro se* Plaintiff, an inmate at KSR during the time in question, brought this civil rights action pursuant to 42 U.S.C. § 1983. The complaint alleged that Plaintiff was retaliated against when he was not allowed to print documents from the legal aide computer he previously had access to before he was convicted of a disciplinary infraction on July 15, 2015, and consequently lost his job as a legal aide. Plaintiff alleged that on July 23, 2015, he went to access documents that he had created and stored on the legal aide computer related to his criminal case and a domestic case. According to the complaint, Defendant Atkin allowed Plaintiff to attempt to access his documents under the supervision of a legal aide. Specifically, the complaint alleged as follows:

> On 7/23/15 Plaintiff . . . went to the academic bldg. to request . . . Atkin to print motions and other legal documents on the computer assign to Plaintiff when he was working as a Legal Aide prior to being found guilty on dangerous contraband offense. The documents Plaintiff needed printed were motions and other documents in relation to past conviction challenges to Plaintiff's cases 00-D-0083-001 and 00-cr-00059.
>
> [Defendant] Atkin told Plaintiff he would have to pay 10¢ per page for the copies. An argument ensued between Plaintiff and Atkin over the demand Plaintiff pay for the copies. Plaintiff asserted that inmates are not required to pay for the original documents/pleadings etc. but had to pay for any additional copies.
>
> * * *
>
> Eventually Atkin instructed Plaintiff to give him a list of the documents he wanted printed. Plaintiff gave Atkin a rough list he drafted while in Atkin's office. Atkin reviewed the list and wrote several notations on the list. Three of the notations were "15-20 min. max!!'" [and] "Hall, this it."
>
> * * *
>
> Plaintiff was only allowed 10 minutes not 15-20 to complete the above task when Atkin entered the legal aide office and ordered Plaintiff to leave. Another verbal altercation occurred wherein Plaintiff told Atkin he would file a claim in court against him for denying his records and hindering his ability to access the court. Atkin threaten to delete Plaintiff files. . . . Later that day . . . Plaintiff returned to the legal aide office [and was told by Ashbaugh to leave]. Plaintiff asked CO. Ashbaugh[] was she following Atkin's orders, Ashbaugh[] nodded her head in an affirmative manner . . . Plaintiff immediately confronted . . . Atkin about be barred from the legal aide office and Plaintiff asked Atkin for what reason he was barred from the office[.] Atkin told Plaintiff he did not need a reason. Plaintiff then asked Atkin how was he suppose[d] to complete the task of selecting the files for him/Atkin to review and Atkin said that was not his problem.

Later in the complaint, Plaintiff stated he "was barred from the legal aide office from July 23, 2015 thru/to around the first of Dec. 2015."

On initial review pursuant to 28 U.S.C. § 1915A (DN 13), the Court allowed to go forward the First Amendment retaliation claim against (1) Defendant Ashbaugh in her official-capacity for injunctive relief, and (2) Defendant Atkin in his individual and official capacities for injunctive and monetary relief.

2

## II.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

### A. Injunctive relief

Plaintiff is no longer housed at KSR. S*ee* DN 88. Therefore, Plaintiff's requests for injunctive relief are moot. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("[T]o the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that [allegedly violated his constitutional rights]."). Defendants are, as a matter of law, entitled to summary judgment on his requests for injunctive relief, which are all of the official-capacity claims against Defendants.

### B. Retaliation claim

The Court next turns to the only remaining claim, the retaliation claim against Defendant Atkin in his individual capacity for damages. The complaint alleged that Defendant Atkin kept

Plaintiff from directly accessing a legal aide computer and destroyed documents[1] on that computer belonging to Plaintiff because "Plaintiff told Atkin he would file a claim in court against him for denying his records and hindering his ability to access the court."  Defendants' motion for summary judgment argued that no constitutional violation occurred because Plaintiff was not denied access to the computers in the legal aide office because he was working on a particular legal action but because he lost his status as a legal aide when he was found guilty of a disciplinary infraction.

In his response, Plaintiff argued that Defendants misstated his retaliation claim as being in response to his attempt to access the courts on Plaintiff's criminal case.  He argues that he was actually retaliated against for exercising the right to free speech when he told Defendant Atkin

---

[1] It does not appear from the record that any of the documents were deliberately destroyed.  Although Plaintiff attached to his complaint an inmate's affidavit which stated that he heard Plaintiff tell Defendant Atkin that "he was going to file to the court," and Defendant Atkin reply "'I'll delete your files Mr. Hall" (DN 1, Ex. 13), in Defendant Atkin's affidavit (DN 71), he averred that he attempted to copy Plaintiff's "computer files to a USB flash drive without success.  The IT staff made multiple attempts to copy the files as well but were also unsuccessful."  He further avers:

> The IT staff directed the replacement of the old computers in the legal aide office.  They were asked to copy folders from the old computer to the new ones.  Some files could not be copied or moved from the old computers based on the age of the computer or other issues.  It is my understanding that Mr. Hall's folders/files were on one of the older computers and could not be retrieved.  We attempted to recover Inmate Hall's documents.

In response (DN 88), Plaintiff points to a document from KSR Deputy Warden Valentine that stated Plaintiff was told to submit a list of documents he wanted to have printed from the computer but failed to do so.  Plaintiff argues that Defendant Atkin should not be believed when he said that he tried to save his files because "how did Atkin know what files to save[?]"

The document Plaintiff cites (DN 67, Ex. 21), which is dated November 16, 2015, and states in pertinent part: "In regards to your request for your personal legal files from the computer, Ms. Turner has agreed to coordinate with IT to look at the computer and see if there are any files.  If there are any files located, you will be notified and given those copies."  A response from Deputy Warden Valentine designated as Ex. 40 appears to be the response to which Plaintiff is referring.  That document is dated October 19, 2015, and states:

> Mr. Atkin stated that you did request some information be preserved after your removal from your legal aide position for a disciplinary report.  He states you were asked to prepare a money transfer form and to identify the specific files required but you did not provide the forms.  Mr. Atkin checked . . . that computer but could not identify any of your files.

4

that he would file a grievance against him for charging for copies and because Plaintiff told him that he would file a civil action against him for interfering with his right to access the courts. He alleges that the "adverse action to Plaintiff's exercise of his freedom of speech was . . . denying Plaintiff's access to the legal services of KSR, withholding Plaintiff's legal material, and the loss of that material and that denying his legal work violated his right to access the courts."

Accordingly, the Court ordered supplemental briefing on the clarified retaliation claim. That Order stated:

> Plaintiff clarifies his retaliation claim by asserting, "[Plaintiff] was actually retaliated against by the Defendants for exercising his constitutional First Amendment Right to Freedom of speech when he told Defendant Atkin that he would file a grievance against him for charging him for the copies of the original/first print of a legal aide's work product (e.g. motions, Petitions etc . . .)" and "when Plaintiff told Defendant Atkin he would file an action in court against him for interfering with his right to access to the court's." Plaintiff continues that "the adverse actions . . . [were] the retaliation of denying Plaintiffs access to the legal services at KSR, withholding Plaintiffs' legal material, and the loss of that material, which was motions and other documents Plaintiff had been compiling[.]"

In Defendants' supplemental brief (DN 87), they argue that Plaintiff admits that he threatened Defendant Atkin because he was not getting what he wanted and that threatening speech is not constitutionally protected speech. They also argue that there was no interference with Plaintiff's right to access the courts because he was not working on a type of case for which prisoners retain the right to access the courts. They further argue that no adverse action occurred because he was given the same access to computers as a general population inmate. Defendants assert that Plaintiff was barred from the legal aide office because he wanted to access the computers personally, which, since he was no longer a legal aide, he was not allowed to do.

Plaintiff's supplemental brief (DN 88) argues that the adverse action taken against him was that he was barred from the legal aide office by Defendant Atkin when they got into a debate

about the copying costs. He asserts that he was not ordered to leave for being disruptive because he did not raise his voice, which he admits is a violation of prison policy, until after Defendant Atkin made him leave the legal aide office and threatened to delete his computer files. He also argues that although Defendant Atkin may have had the authority to make Plaintiff leave the legal aide office on the day of the incident, July 23, 2015, Defendants "did not have the authority to bar the Plaintiff from the legal aide office for several months." Plaintiff rebuts Defendants' argument that he was barred from the legal aide office because he wanted personal access to the legal aide computer as follows: (1) according to Plaintiff, when a legal aide is assigned a computer, IT gives that legal aide a new password, and, thus, the prior password is blocked so it would have been impossible for him to access a computer if he had been allowed in the legal aide office once he was no longer a legal aide; and (2) the legal aide office is not off-limits to the general population; instead, it is there for the purpose of allowing the general population to consult with legal aides on various issues, including appealing administrative decisions and filing and responding to civil actions.

In reply (DN 89), Defendants argue that Plaintiff has no freedom-of-speech right to threaten Defendant Atkin with filing grievances and court actions. Defendants further argue that Plaintiff cannot assert a right to access the courts for matters that are not protected conduct for inmates, *e.g.*, wanting to file extraneous court documents.

The elements of a retaliation claim are:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two -- that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Evans v. Vinson*, 427 F. App'x 437, 445 (6th Cir. 2011) (quoting *Thaddeus -X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)).

First, the Court notes that there are disputed or unresolved fact issues. For example, Defendant Ashbaugh's affidavit states that she has "no recollection of the events of October 26, 2015, as described in the Complaint" (DN 71, Ex. 2). But according to the complaint, the allegations involving Defendant Ashbaugh occurred on July 23, 2015. However, after reviewing the extensive briefing and attached exhibits in this case, the Court determines that there is no genuine dispute as to any material fact and that Defendant Atkin is entitled to judgment as a matter of law as set forth below. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) ("[The summary-judgment] standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.").

Here, Plaintiff argues that he was engaged in protected conduct when he threatened to (or, as Plaintiff phrases it, told) Defendant Atkin that he would file a grievance or civil action against him. It is not clearly established that a ***threat*** to file a grievance is protected conduct for a retaliation claim. *See Pasley v. Conerly*, 345 F. App'x 981, 984-85 (6th Cir. 2009) (noting that the Sixth Circuit "appears not to have determined conclusively whether merely threatening to file a grievance constitutes protected activity" and finding that the plaintiff's threatened grievance "might" constitute protected conduct); *McKinney v. Rutenbar*, No. 2:14-CV-220, 2016 WL 4144253, at *2 (W.D. Mich. Aug. 4, 2016) ("[I]t is not clearly established that a threat to file a grievance is protected conduct."); *see also Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009) ("[I]t seems implausible that a *threat* to file a grievance would itself constitute a First Amendment-protected grievance.").

However, a prisoner's right to actually *file* a grievance may be protected action, but only if it is non-frivolous. *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010). Here, a grievance Plaintiff threatened to or wanted to file would not be considered protected conduct because such a grievance would be frivolous. Plaintiff had no right to argue with Defendant Atkin or to demand free copies.[2] A grievance about being denied access to the legal aide computer would also have been frivolous since he does not dispute that he lost his legal aide status, especially since KSR policy warned inmates not to store documents on the computers.[3] *See* DN 61, Ex. ("Inmate Hall violated policy by storing documents on the legal aide computer rather than printing them for his paper files."). *See, e.g.*, *White-Bey v. Griggs*, 43 F. App'x 792, 794 (6th Cir. 2002) (finding "grievances concerned being required to use a typewriter rather than a computer, and being required to sit quietly in defendant's office after being told again that there was no computer available for him to use" were "frivolous, and as a result do not rise to the level of protected conduct"); *Thaddeus-X v. Love*, No. 98-2211, 2000 WL 712354, at *2-3 (6th Cir. May 22, 2000) (finding a prisoner's threat to file a grievance against an officer for eating food at a prison guard desk was patently frivolous). Defendants have shown that a grievance filed by Plaintiff against Defendant Atkin would be frivolous because it was Plaintiff who had violated prison policies.

Further, a grievance or civil action regarding access to his legal documents or to the legal aide office would be frivolous because those documents did not pertain to access to court that is protected by the Constitution, and, therefore fails to establish the first element of a retaliation claim. The right to access the courts for prisoners is limited to certain types of cases. "[A]

---

[2] Plaintiff does not assert that he was unable to pay for copies.
[3] Plaintiff states in his supplemental reply brief (DN 88) that the computer files at issue "took four (4) years to compile." Clearly, Plaintiff had been storing files on his legal aide computer for quite some time.

prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d at 391.

Here, Plaintiff describes the documents he wished to print off the computer as being "compil[ed] on his criminal and civil cases (Civil/Domestic)." Defendants explain in their supplemental brief (DN 87) that the criminal and civil cases Plaintiff refers to are as follows: (1) criminal court cases from 1993, wherein Plaintiff appealed in 2003 and the appeal was final on February 10, 2004; and (2) criminal convictions from 2001 he appealed up to the Kentucky Supreme Court, which rendered its final decision on June 12, 2003. Defendants point out that Plaintiff does not explain how any appeals of or habeas corpus applications related to those convictions would not be considered frivolous had he filed an appeal or other challenge in 2015. Defendants also point out that although Plaintiff indicates he was interested in preserving the documents on his computer because he was awaiting the outcome of a state-court petition for declaration of rights regarding his July 2015 disciplinary violation, on July 23, 2015, he was still waiting for the warden's review of Plaintiff's appeal, the final step in the administrative process; and, therefore, Defendants doubt that he had filed a petition for declaratory judgment by July 23, 2015.[4] In his supplemental reply brief (DN 88), Plaintiff does not contend that he had any pending litigation that challenged his conviction or conditions of confinement. Thus, the record shows that Plaintiff cannot establish a retaliation claim because Plaintiff's expressed desire to file a grievance or litigation was not protected conduct. *See Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005) ("[A] party moving for summary judgment may satisfy its burden to show that there are no genuine issues of material fact simply 'by pointing out to the court that the

---

[4] In his supplemental reply (DN 88), Plaintiff states that he did file a civil action related to his disciplinary infraction in Oldham County Circuit Court under action number 16-CI-00432. That case number provided by Plaintiff indicates that the action was filed in 2016. Moreover, Plaintiff states that he allowed that action to be dismissed because he filed the instant action in this Court.

9

respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.'") (internal citation omitted).

### III.

For the foregoing reasons, **IT IS ORDERED** that Defendants' motion for summary judgment (DN 61) is **GRANTED**.

The Court will enter a separate Judgment.

Date: April 16, 2020

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
　　 Counsel of record
4415.009